IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action |
| v. | ) ) | 09-10132-07-EFM |
| HERIBERTO MIRANDA-ROLDAN, | ) ) ) ) | |

**MEMORANDUM AND ORDER**

In late 2010, Defendant Heriberto Miranda Roldan pled guilty, pursuant to an 11(c)(1)(C) plea agreement, to two counts of unlawful use of a communications device. He received the maximum possible sentence of 48 months for each count, to be served consecutively, which resulted in a sentence of 96 months. Defendant has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 645). For the following reasons, his motion is denied.

**I. Legal Standard**

28 U.S.C. § 2255(b) provides that a prisoner is entitled to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." An evidentiary hearing is necessary "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] An evidentiary hearing is unnecessary

---

[1] 28 U.S.C. § 2255(b); *see also United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

when the factual allegations are contradicted by the record, are inherently incredible, or when they are conclusions rather than statements of fact.[2]

## II. Analysis

Defendant argues that he received ineffective assistance of counsel because allegedly his attorney lied to him and told him that he would only get 48 months in prison, but he instead received a sentence of 96 months. Defendant contends that he does not read or write English, a translated copy of the plea agreement was not provided to him, and that his attorney did not explain the plea agreement to him.

To establish ineffective assistance of counsel, a defendant must show two things: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.[3] With respect to the first element, a defendant has a heavy burden in proving that his counsel's performance was deficient, and there is a strong presumption that counsel provided adequate assistance.[4] "To be deficient, the performance must be outside the wide range of professionally competent assistance."[5] Furthermore, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[6] As to the second element of prejudice, a defendant "must show that there

---

[2] *See United States v. Dormer*, 2011 WL 830536, at *1 (D. Kan. Mar. 2, 2011) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995))).

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[4] *Byrd v. Workman*, --- F.3d ---, 2011 WL 2084204, at *6 (10th Cir. 2011) (citations omitted).

[5] *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (internal quotations and citations omitted).

[6] *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7]

Defendant's claim of ineffective assistance of counsel are based on his allegations that his attorney lied to him, did not explain the plea agreement to him, and did not provide a translated copy to him. He provides no other information to the Court other than these conclusory allegations. In addition, Defendant's allegations are contradicted by the record.

Defendant pled guilty pursuant to an 11(c)(1)(C) plea agreement. Paragraph 3 of the plea agreement provides that the parties propose "a sentence of 96 months in prison accomplished by running sentences consecutively on the two 21 U.S.C. § 843 counts." Paragraph 15 provides that "[t]he defendant has had sufficient time to discuss the case, the evidence, and this agreement with [his] attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." Defendant signed this agreement.

At the plea colloquy, Defendant was sworn in, had an interpreter present, and the entire proceeding was translated to him. "Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[8]

---

[7] *Strickland*, 466 U.S. at 694.

[8] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The Court questioned Defendant during the plea colloquy whether his counsel adequately explained the charges that Defendant was facing and whether Defendant had sufficient time to discuss the case with his attorney to which Defendant answered "yes." Defendant also indicated that he was satisfied with his attorney's handling of the case.

The Court asked Defendant whether he had reviewed the plea agreement with his attorney and whether he understood what promises or agreements were being made to Defendant in the plea agreement. Defendant answered "yes, sir." Furthermore, Defendant's attorney stated that the interpreter had translated the plea agreement and petition into Spanish and those documents had been provided to Defendant.

During the plea colloquy, the Court also explained paragraph 3 in which it stated that the binding plea agreement called for a controlling sentence of 96 months or eight years in prison. After inquiring whether that was the agreement Defendant had reached with the United States, Defendant answered "yes, sir." The Court referenced the sentence of 96 months numerous times throughout the plea colloquy, and Defendant always answered that he understood the agreement and wished to enter into it.

On February 17, 2011, Defendant appeared at his sentencing. He stated that he had reviewed the presentence investigation report with his attorney, and he had no objections to the report. The Court then imposed the agreed upon 96 month sentence.

Defendant does not meet his heavy burden in showing that his counsel was deficient. Defendant, under oath and with an interpreter present, stated during his plea colloquy that his attorney explained the plea agreement to him and stated that he was satisfied with his attorney's

representation. This is contrary to Defendant's recently asserted conclusory allegations that his attorney's performance was deficient.

Furthermore, even if Defendant could establish deficiencies with his counsel's performance, Defendant cannot demonstrate any prejudice and therefore cannot establish the second prong of *Strickland*. As stated above, the Court questioned Defendant thoroughly during the plea colloquy. Defendant was informed multiple times by the Court, with an interpreter present, that he would receive a 96 month sentence. As such, Defendant does not show that his counsel's alleged erroneous advice affected his decision to plead guilty because he was fully aware that his plea agreement provided for a 96 month sentence. Accordingly, Defendant cannot demonstrate ineffective assistance of counsel.

Defendant also contends that his sentence his illegal because he received 96 months and he was only supposed to receive no more than 4 years, and this sentence is outside the advisory guideline range. Other than these conclusory allegations, however, Defendant provides no further support. As noted above, Defendant pled guilty to two counts of unlawful use of a telecommunication device with each count carrying the statutory maximum of not more than four years.[9] He received the statutory maximum for both counts to be served consecutively, and he received this sentence pursuant to the plea agreement he entered. As such, his sentence was appropriate and not illegal.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of

---

[9] 21 U.S.C. § 843(d)(1).

5

appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[10] To make this showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[11] For the reasons stated above, Defendant has not made a substantial showing of the denial of a constitutional right. As such, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 645) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[11] *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).