# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

HERIBERTO MIRANDA-ROLDAN,

    *Defendant.*

Case No. 6:09-CR-10132-07-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Heriberto Miranda-Roldan's ("Defendant") pro se Motion to Re-Open a Denied Title 28 U.S.C. § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated below, Defendant's motion is denied.

### I.    Factual and Procedural Background

On May 25, 2010, Defendant was charged, along with eighteen others, in a 116-count second superseding indictment. On February 16, 2011, in exchange for a dismissal of a large number of these counts, Defendant pled guilty, under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to two counts of unlawful use of a communications device. As a result of this plea, Defendant received the maximum sentence of forty-eight (48) months for each count, to be served consecutively, for a total sentence of ninety-six (96) months. On April 1,

2011, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and an illegal sentence. Defendant's motion was denied on June 7, 2011. On July 13, 2011, Defendant filed a motion to rescind this ruling, alleging that, due to jail transportation and relocation issues, he failed to receive a copy of the Government's response to his § 2255 application. This Court granted Defendant's motion to rescind on July 15, 2011. Defendant filed his reply to the Government's response to his § 2255 application on September 19, 2011. This Court again denied Defendant's § 2255 application on November 9, 2012.

On August 1, 2013, Defendant filed a Rule 60(b) motion to re-open his denied § 2255 application. In his motion, Defendant requests a downward modification of his ninety-six-month sentence based on the grounds set forth in his § 2255 application, namely, ineffective assistance of counsel and an illegal sentence. On March 28, 2014, Defendant filed an addendum to his Rule 60(b) motion, requesting a two-level sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

## II. Analysis

Before analyzing the substance of Defendant's motion, this Court must first consider if the motion is a *true* Rule 60(b) motion or merely a second or successive § 2255 petition.[1] Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[2]

Congress, in passing the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), placed various restrictions on habeas petitions.[3] Second or successive habeas petitions may proceed "only in specified circumstances and only with a circuit court's prior authorization."[4] In *Gonzales v. Crosby*,[5] the Supreme Court provided guidance as to the relationship between Rule 60(b) and second or successive motions filed under 28 U.S.C. § 2254. The Tenth Circuit applied this analysis to applications made under § 2255, holding that:

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[6]

The Tenth Circuit further held that

> [i]f the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district

---

[2] FED. R. CIV. P. 60(b).

[3] *Smith v. United States*, 2013 U.S. Dist. LEXIS 64825, at *5 (D. Kan. May 7, 2013).

[4] *Id*. *See also* 28 U.S.C. §§ 2244(b), 2255(h).

[5] 545 U.S. 524 (2005).

[6] *Spitznas*, 464 F.3d at 1216 (internal citations omitted).

court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3).[7]

This Court does not find that the claims asserted by Defendant fall within the scope of a true Rule 60(b) motion. In his initial motion, filed in August 2013, Defendant simply reiterated the allegations contained within his first § 2255 petition, ineffective assistance of counsel and an illegal sentence, both of which were previously rejected by this Court. Defendant's addendum, filed in March 2014, requesting a downward sentence modification based on the "New Release Law" and 18 U.S.C. § 3582(c)(2), similarly fails to meet the requirements of a true Rule 60(b) motion. Rather, it is Defendant's attempt at asserting an additional "federal basis for relief from [his] underlying conviction."[8] Neither Defendant's original motion nor his addendum causes this Court to reconsider its prior ruling. As such, this Court has no choice but to treat Defendant's Rule 60(b) motion as a second or successive petition for relief under § 2255.

In so doing, this Court finds that Defendant's motion still must be dismissed. As an initial matter, Defendant's motion is filed well outside the one-year statute of limitations period prescribed by 28 U.S.C. § 2255(f). Under this section, a federal prisoner shall have one year to file his motion for relief. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[7] *Id.* at 1217.

[8] *Id.* at 1216.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[9]

Here, Defendant's statute of limitations period began to run on the date on which his judgment of conviction became final, February 16, 2011. Defendant therefore had until February 16, 2012, to file a petition under § 2255. His original petition was filed on April 1, 2011, well within the statute of limitations period. The instant motion, however, was not filed until August 1, 2013, more than two years after his judgment of conviction became final and nearly eighteen months after the statute of limitations had lapsed. Defendant's motion does not allege any facts or circumstances to justify any exceptions in § 2255(f) or to support equitable tolling.

Furthermore, *even if* Defendant's motion had been timely filed, "[s]econd or successive § 2255 motions may proceed only in specified circumstances and only with a circuit court's prior authorization."[10] Before filing a second or successive § 2255 motion in the district court, a defendant must obtain from the Tenth Circuit "an order authorizing the district court to consider" the application for relief.[11] A review of the record does not show that Defendant has applied for or received this required authorization. The Tenth Circuit therefore allows this Court to either dismiss the motion for lack of jurisdiction or transfer the motion to the court of appeals, pursuant to 28 U.S.C. § 1631, if the transfer is "in the interest of justice."[12] This Court may dismiss the successive § 2255 motion if the motion "'fails on its face to satisfy the authorization standards of § 2255(h)' and when 'there is no risk that a meritorious successive § 2255 claim will be lost

---

[9] 28 U.S.C. § 2255(f).

[10] *Smith*, 2013 U.S. Dist. LEXIS 64828 at *9.

[11] 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

[12] 28 U.S.C. § 1631; *see also Spitznas*, 464 F.3d at 1217.

absent a § 1631 transfer.'"[13] To satisfy the authorization requirements under § 2255(h), Defendant must show either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[14]

There is nothing in Defendant's current motion to suggest the applicability of either of these authorization standards. Defendant does not make mention of any new evidence or a retroactively applicable change in constitutional law. Instead, Defendant simply rehashes arguments previously made to and dismissed by this Court. Furthermore, Defendant fails to show how or why 18 U.S.C. § 3582(c)(2) is applicable to the case at hand. As such, Defendant's motion is dismissed.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order.[15] This certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[16] The applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were

---

[13] *Smith*, 2013 U.S. Dist. LEXIS 64825 at *9-10 (quoting *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)).

[14] 28 U.S.C. § 2255(h).

[15] *Smith*, 2013 U.S. Dist. LEXIS 64825 at *10-11.

[16] 28 U.S.C. § 2254(c)(2).

adequate to deserve encouragement to proceed further."[17] Defendant fails to meet this standard. The Court therefore declines to issue a certificate of appealability for this order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Re-Open his § 2255 petition (Doc. 891) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of April, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *Smith*, 2013 U.S. Dist. LEXIS 64825 at *11 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).